IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Craig William Brown, )
    Petitioner, )
)
v. ) 1:14cv1152 (JCC/IDD)
)
Director, Department of Corrections, )
    Respondent. )

MEMORANDUM OPINION

    Craig William Brown, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of first degree murder and other offenses in the Circuit Court for the City of Norfolk. On November 10, 2014, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief. Petitioner was provided the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K, and after obtaining an enlargement of time he filed a Brief in Opposition to Respondent's Motion to Dismiss on December 4, 2014. Accordingly, the matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice, as untimely.

I. Background

    On February 10, 2011, following a jury trial, Brown was convicted of first degree murder, robbery, and two counts of using a firearm in the commission of a felony. He was sentenced to serve two life terms plus eight years incarceration. Norfolk Circuit Court Nos. CR09003590-01

and -03, CR10000746-00 and -01.

Petitioner took a direct appeal to the Court of Appeals of Virginia, which denied his petition for appeal on November 22, 2011. Brown v. Commonwealth, R. No. 0484-11-1 (Va. Ct. App. Nov. 22, 2011). The Supreme Court of Virginia refused Brown's petition for further appeal on April 30, 2012. Brown v. Commonwealth, R. No. 112273 (Va. Apr. 30, 2012). Brown's petition for rehearing of that determination was denied on September 20, 2012.

Brown submitted a petition for writ of habeas corpus to the Supreme Court of Virginia that was date-stamped as received by the Clerk of Court on October 4, 2013. The Court dismissed the petition as untimely filed pursuant to Va. Code § 8.01-654 (A)(2). Brown v. Dir., Dep't of Corrections, R. No. 131541 ( Va. Mar. 26, 2014). Brown's petition to set aside that judgment and grant rehearing was denied on June 12, 2104. Brown then turned to the federal forum and filed the instant application for relief pursuant to 28 U.S.C. § 2254 on August 20, 2014.[1] As noted above, the matter is now ripe for review.

## II. The Petition is Untimely

Pursuant to 28 U.S.C. § 2244(d), a petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). In this case, Brown's convictions became final on December 19, 2012, the last date he could have petitioned the Supreme Court of the United

---

[1] For federal purposes, a pleading submitted by an incarcerated litigant is deemed filed when the pleading is delivered to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Pet. at 38.

States for a writ of certiorari.[2] Therefore, the § 2244 limitations period began to run on that date.

In calculating the one-year limitations period, a court must exclude the time during which properly-filed state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Here, although Brown filed a petition for a state writ of habeas corpus, the Supreme Court of Virginia dismissed the petition upon the express holding that it was filed outside the time limits prescribed at Va. Code § 8.01-654 (A)(2). Therefore, that proceeding did not act to toll the § 2244(d) limitations period. Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that a state collateral proceeding is not "properly filed" for purposes of tolling the federal limitations period if it is filed untimely under state law). Accordingly, Brown's limitations clock ran unchecked from December 19, 2012, the date his convictions became final, until he filed this federal petition on August 20, 2014. As that period exceeds one year by a margin of 244 days, this petition is untimely and subject to dismissal. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).

In his Brief opposing respondent's Motion to Dismiss, petitioner argues in essence that the Supreme Court of Virginia erred in dismissing his state habeas corpus application as untimely. He explains that after the petition was filed, he received a letter from the Chief Deputy Clerk of the Court, which stated in relevant part:

---

[2] See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007) (reaffirming the inclusion of time for seeking review by the Supreme Court in calculating when direct review of a state criminal conviction becomes final under § 2244(d)); Harris v. Hutchinson, 209 F.3d 325, 328 n. 1 (4th Cir. 2000).

> Although you certified that you mailed your petition on September 20, the envelope in which it was mailed was stamped as having been received by the mailroom on October 2, and it was postmarked that same date. Accordingly, please provide me with a **prison official's** notarized statement showing the date that the petition was deposited in the institution's internal mail system.

Pet. Brief, Ex. 6, emphasis original. In response, petitioner submitted to the Court a document captioned "Affidavit" which stated in its entirety:

> I, Counselor Blake Saunders, at Wallens Ridge State Prison, did witness offender Craig Brown #1174309 place his Habeas Corps petition in the institutional mail on September 20th of 2013.

Pet. Brief, Ex. 7. The document was dated December 12, 2013 and was notarized, but it bore no statement that it was signed under penalty of perjury. As discussed above, the Supreme Court of Virginia subsequently dismissed Brown's habeas petition upon an express finding that it was filed untimely pursuant to Va. Code § 8.01-654 (A)(2). Petitioner argues here that "[t]o dismiss the habeas petition was untimely was a blatantly unreason [sic] application of the facts by the Supreme Court of Virginia." Pet. Brief at 4.

It is statutorily mandated that a federal court on habeas review of a state conviction must defer to findings of fact made by state trial and appellate courts. See 28 U.S.C. § 2254(d). Pursuant to this principle, a federal district court must defer to a state court's determination of whether a state court application for collateral relief was "properly filed" within the meaning of § 2244(d)(2). Pace, 544 U.S. at 414 (holding that a state court's finding that a petition was filed untimely "end[s] the matter" for purposes of determining statutory tolling); see also, Ajamu-Osagboro v. Patrick, 2009 WL 1546354 at *7 (E.D.Pa. 2009) ("[A] state court determination of untimeliness, like any other determination of state law, is not properly subject to second-guessing

4

on federal habeas review.") Here, then, this Court may not disregard the Supreme Court of Virginia's determination that Brown's state habeas petition was filed untimely.

In the first claim of the instant federal petition, Brown argues that his constitutional rights were violated when the Supreme Court of Virginia dismissed his state habeas petition as untimely. He alleges that he delivered the petition to the prison mailroom on September 19, 2013, two days ahead of the expiration of the state statute of limitation. However, he had no postage, so he completed a Postage Withdrawal Request Form which was signed by a sergeant the following day, and a counselor "took personal possession" of his outgoing legal mail and delivered it to the mailroom. However, on September 23, the mailroom returned the envelope to petitioner, stating that needed to add an additional $ 3.96 in postage before it could be mailed. Petitioner added $ 5.52 in postage and returned the envelope to the mailroom. On September 25, the envelope was returned again to Petitioner "for no discernable reason," so he added "even more postage" and gave it back to the counselor. This happened again on September 26 and September 30, the date the envelope "was finally mailed" to the Supreme Court of Virginia. Pet. at A-1 to A-3.

While petitioner does not use the term, it appears that he may intend to argue that the limitations period should be equitably tolled in his case on the basis of the circumstances he describes. The United States Supreme Court has established that equitable tolling is applicable to the § 2244(d)(2) limitations period. See Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244 (d) is subject to equitable tolling in appropriate cases."). It has been settled in this circuit for some time that § 2244(d) may be subject to equitable doctrines such as tolling under very

limited circumstances. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris, 209 F.3d at 328-29. Importantly, however, as the Fourth Circuit Court of Appeals has warned, invocations of equity

> ... to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individual hardship supplant the rules of clearly drafted statutes .... We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Rouse, 339 F.3d at 246. For equitable tolling to apply, therefore, a petitioner must establish that (1) extraordinary circumstances, (2) beyond his control and external to his own conduct (3) prevented him from filing on time. Id. On the other hand, it is settled that a petitioner's lack of diligence in pursuing his federal remedy generally acts to negate the application of equitable tolling. See Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001).

Here, petitioner's suggestion that the limitations period should be tolled by his several failures to place the correct amount of postage on his habeas petition to the Supreme Court of Virginia falls short of warranting that extraordinary relief. The circumstances petitioner describes were neither extraordinary nor beyond his control and external to his own conduct. and he further has made to showing that gross injustice will result if the limitations period is enforced against him. Therefore, equitable tolling of the limitations period is not appropriate in this case, and the petition must be dismissed, as untimely.

### V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition will be granted,

and the petition will be dismissed with prejudice, as time-barred An appropriate Order shall issue.

Entered this 14th day of April 2015.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge